Hand-Delivered

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

**JERRY ANDERS,**
d/b/a ANDERS MANGA,
Plaintiff,

v.
Civil Action No. 1:25-CV-451-MR

**STABILITY AI, INC.;** and
**NAVARR ENTERPRISES, INC.,**
d/b/a AUDIOSPARX,
Defendants.

FILED
ASHEVILLE, NC

DEC 29 2025

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

# COMPLAINT

Plaintiff Jerry Anders, d/b/a Anders Manga, alleges as follows:

## PARTIES

1. Plaintiff Jerry Anders, a recording artist professionally known as Anders Manga, is an individual residing in North Carolina and doing business as Anders Manga ("Plaintiff").

2. Defendant Stability AI, Inc. is a corporation organized under the laws of the State of California, with its principal place of business in California.

3. Defendant Navarr Enterprises, Inc. is a corporation doing business as AudioSparx ("AudioSparx"), with its principal place of business in Florida.

4. At all relevant times, Defendants acted individually and in concert with one another.

## JURISDICTION AND VENUE

5. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants because Defendants committed acts of copyright infringement that caused harm to Plaintiff in this District, including through the unauthorized exploitation of Plaintiff's copyrighted works via Defendants' internet-accessible, commercial platforms, resulting in injury to Plaintiff in North Carolina.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants transact business in this District through interactive commercial websites and caused injury to Plaintiff in this District, where Plaintiff resides and operates his business.

# FACTUAL ALLEGATIONS

## Plaintiff's Copyrighted Works

8. Plaintiff is the author and copyright owner of multiple original musical compositions and sound recordings (the "Copyrighted Works"), authored and released prior to Defendants' infringing conduct.

9. The Copyrighted Works are original works of authorship fixed in a tangible medium of expression.

10. The Copyrighted Works are registered with the United States Copyright Office. Plaintiff's registrations predate Defendants' infringing acts, entitling Plaintiff to statutory damages and attorneys' fees under 17 U.S.C. §§ 504–505. Plaintiff's albums were registered with the U.S. Copyright Office on July 7, 2009, including Registration Nos. SR 631-929, SR 631-927, SR 631-923, and SR 631-925.

11. Plaintiff has at all relevant times been the owner of all exclusive rights in the Copyrighted Works under 17 U.S.C. § 106.

## Defendants' AI Audio Platform and Licensed Source

12. Defendant Stability AI operates an artificial intelligence audio generation platform known as "Stable Audio," which allows users to generate music and sound recordings.

13. AudioSparx provided complete musical recordings via licensing for use in training Stable Audio's artificial intelligence audio model.

14. Upon information and belief, Stable Audio was trained by copying, ingesting, and analyzing complete musical recordings delivered through AudioSparx's licensed music library.

## Access to Plaintiff's Works

15. Through AudioSparx's licensed music library, Defendants had access to Plaintiff's Copyrighted Works prior to and during the training of Stable Audio.

## Unauthorized Copying and Use

16. In training Stable Audio, Defendants copied Plaintiff's Copyrighted Works without Plaintiff's authorization.

17. Plaintiff's 2015 agreement did not grant Defendants authorization to copy, reproduce, or use the Copyrighted Works for artificial intelligence training.

18. (a) Stability AI publicly states on its website that "product integrity begins during the early stages of development" and "We maintain model integrity by carefully screening training data, excluding illegal content to uphold safe and ethical standards in our products."

(b) Plaintiff had communicated to AudioSparx months before the public launch of Stable Audio that he no longer wished to do business with the company and requested removal of his music from its catalog. AudioSparx denied that request and thereafter distributed and licensed Plaintiff's works to Stability AI, as reflected in AudioSparx's own AI royalty statements.

AudioSparx currently describes AI licensing, including licensing music for AI training and related applications, as a distinct licensing category and a new area of business. When Plaintiff entered into his agreement with AudioSparx in 2015, AudioSparx did not market or describe AI licensing or AI training as part of its business.

(c) After the launch of Stable Audio, Defendants publicly stated that all artists were given the option to opt out of Stable Audio model training. Plaintiff sought to exercise that opt-out and was denied by AudioSparx, Stability AI's licensing partner and intermediary.

(d) In late 2025, Plaintiff again sought to have his works removed from AI-related licensing. Plaintiff retained counsel, who formally demanded to both AudioSparx and

Stability AI that Plaintiff's works be removed from any Stable Audio–related dataset or licensing. AudioSparx again refused. Stability AI's in-house counsel responded on multiple occasions that Stability AI believed AudioSparx's position addressed the issues raised. Despite this notice, Defendants continued to commercially exploit models and datasets derived from unauthorized copies of Plaintiff's works.

(e) In announcing the launch of Stable Audio, AudioSparx publicly represented that artists participating through AudioSparx could "opt in or out of the Stability AI deal at any time at their own volition."

19. Upon information and belief, Defendants have commercially exploited the Stable Audio product following its training on musical recordings made available through an ongoing, revenue-sharing licensing arrangement with AudioSparx.

20. Plaintiff has received statements reflecting that Defendants delivered and monetized Plaintiff's Copyrighted Works specifically in connection with Stable Audio and AI training activity, despite Plaintiff's lack of authorization for such use. Such statements and payments were unilateral and unsolicited and do not reflect Plaintiff's consent.

Despite Plaintiff's express ownership of the Copyrighted Works, repeated objections, and requests for removal, Defendants knowingly continued to commercially exploit models and datasets derived from unauthorized copies of Plaintiff's works for AI training and related uses. This conduct constitutes willful infringement or, at minimum, reckless disregard for Plaintiff's exclusive rights under 17 U.S.C. § 106.

# COUNT I

## COPYRIGHT INFRINGEMENT

(17 U.S.C. § 501)

21. Plaintiff incorporates by reference paragraphs 1 through 20 as though fully set forth herein.

22. Defendants, without authorization, copied and reproduced Plaintiff's Copyrighted Works in violation of Plaintiff's exclusive rights under 17 U.S.C. § 106.

23. Defendants reproduced and exploited Plaintiff's copyrighted works for commercial AI training and related model commercialization purposes not contemplated by, disclosed in, or authorized under the AudioSparx license.

24. Defendants' acts constitute infringement of Plaintiff's copyrights under 17 U.S.C. § 501.

25. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered damages.

26. Defendants' infringement is ongoing and will continue unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendants as follows:

A. For statutory damages pursuant to 17 U.S.C. § 504(c), in an amount to be determined at trial;

B. For injunctive relief prohibiting Defendants from continuing to infringe Plaintiff's copyrighted works;

C. For costs and attorneys' fees pursuant to 17 U.S.C. § 505;

D. For pre- and post-judgment interest as allowed by law; and

E. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Jerry Anders*

d/b/a, p/k/a Anders Manga
magickentertain@gmail.com
132 Stoneridge Ln | Pisgah Forest, North Carolina 28768 | 704-287-1563
Plaintiff, Pro Se