# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL ACTION NO. 1:25-cv-00451-MR

| | |
|---|---|
| JERRY ANDERS, d/b/a ANDERS MANGA, <br><br> Plaintiff, <br><br> v. <br><br> STABILITY AI US SERVICES CORPORATION; and NAVARR ENTERPRISES, INC., d/b/a AUDIOSPARX, <br><br> Defendants. | **DEFENDANT STABILITY AI US SERVICES CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

## <u>INTRODUCTION</u>

The Court lacks personal jurisdiction over Defendant Stability AI US Services Corporation ("Stability AI") because Stability AI is not "at home" in North Carolina, and Plaintiff Jerry Anders ("Anders") alleges no contacts between Stability AI and North Carolina other than Anders's own presence in the State.

Stability AI was incorporated in Delaware and maintains its principal place of business in California. (Doc. 7 at ¶ 2.) Thus, Stability AI is not "at home" in North Carolina and is not subject to general personal jurisdiction here. Stability AI likewise is not subject to specific personal jurisdiction in North Carolina, as Anders does not assert any claims that arise from any conduct by Stability AI in North Carolina. The

sole jurisdictional allegation related to North Carolina in the First Amended Complaint ("FAC") avers that Stability AI "committed acts of copyright infringement that caused harm to Plaintiff in this District, including through the unauthorized exploitation of Plaintiff's copyright works via [Stability AI's] internet-accessible, commercial platforms, resulting in injury to Plaintiff in North Carolina." (Doc. 7 at ¶ 7.) "[A]lthough the place that the plaintiff feels the alleged injury is plainly relevant to the [jurisdictional] inquiry, it must ultimately be accompanied by the defendant's own contacts with the state if jurisdiction over the defendant is to be upheld." *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 626 (4th Cir. 1997). Here, the FAC alleges no contacts between Stability AI and North Carolina other than alleged harm to Anders, which is insufficient to establish personal jurisdiction over Stability AI.

For these reasons, and those discussed below, the Court should dismiss Anders's claims against Stability AI for lack of personal jurisdiction.

## BACKGROUND

Stability AI is a leader in the field of artificial intelligence. The company was incorporated in Delaware and has a principal place of business in Los Angeles, California. (Doc. 7 at ¶ 2.) Stability AI has no affiliated entities domiciled or incorporated in North Carolina, and it has no offices in the state. Declaration of Peter O'Donoghue ("O'Donoghue Decl.") at ¶ 3; *see Silva v. Pavlak*, No. 5:18-CV-97,

2

2018 WL 4775510, at *3, n.2 (W.D.N.C. Oct. 3, 2018) ("In ruling on a motion to dismiss for lack of personal jurisdiction, the court may consider evidence outside of the pleadings, such as affidavits and other evidentiary materials, without converting the motion to dismiss into a motion for summary judgment.").

Anders's allegations arise from his alleged 2015 contractual relationship with the co-defendant, Navarr Enterprises, Inc. d/b/a AudioSparx ("AudioSparx"), a Florida-based company, and a purported licensing agreement between AudioSparx and Stability AI. (Doc. 7 at ¶ 20.)  Anders alleges that Stability AI is liable for copyright infringement because the company allegedly copied his works while training "Stable Audio," an artificial intelligence model.  (Doc. 7 at ¶¶ 17-21.)

## LEGAL STANDARD

Anders bears the burden of making a *prima facie* showing that the Court has personal jurisdiction over Stability AI. *See Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016); *IMO Indus., Inc. v. SEIM s.r.l.*, No. 3:05-CV-420-MU, 2006 WL 3780422, at *1 (W.D.N.C. Dec. 20, 2006). In determining whether Anders has "made the requisite *prima facie* showing, the court must take the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff" (unless the Court holds an evidentiary hearing, after which the preponderance standard would apply). *See id.*

3

The Court may exercise personal jurisdiction over a non-resident defendant like Stability AI only if doing so comports with both North Carolina's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd.*, 911 F.3d 192, 198 (4th Cir. 2018). Because North Carolina's long-arm statute is coextensive with the limits of due process, the analysis collapses to a single inquiry: whether Stability AI has "minimum contacts" with North Carolina such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Synovus Bank v. Schaur*, No. 1:11-CV-189, 2012 WL 3870501, at *5 (W.D.N.C. Sept. 6, 2012) (Reidinger, J.) (finding "jurisdictional requirements collapse into a single inquiry as to whether the defendant has such 'minimal contacts with the forum state'"); *see also Epic Games, Inc. v. Shenzhen Tairuo Tech. Co., Ltd.*, 593 F. Supp. 3d 233, 238 (E.D.N.C. 2022). Anders has failed to meet this test.

## ARGUMENT

The Supreme Court has "recogniz[ed] two kinds of personal jurisdiction" relevant here: general and specific personal jurisdiction. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). Stability AI is not subject to general personal jurisdiction in North Carolina because it was not incorporated here, does not have its principal place of business here, and is not at "home" here. *See id.* at 358; *see also Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 132 (4th Cir. 2020)

4

(finding lack of general jurisdiction despite presence of hotels in the forum state and a certificate of authority to conduct business in the state); *Remi Holdings, LLC v. Neathamer*, No. 3:19-CV-542, 2020 WL 3196726, at \*2 (W.D.N.C. June 15, 2020) ("[A]ttenuated contacts are insufficient to render [defendant] 'essentially at home' in North Carolina"). As discussed below, Stability AI is not subject to specific personal jurisdiction in North Carolina, either.

## A. Anders's Presence in North Carolina Cannot Establish Specific Jurisdiction.

Anders includes just one jurisdictional allegation in the FAC: i.e., that Stability AI "committed acts of copyright infringement that caused harm to Plaintiff in this District, including through the unauthorized exploitation of Plaintiff's copyright works via [Stability AI's] internet-accessible, commercial platforms, resulting in injury to Plaintiff in North Carolina." (Doc. 7 at ¶ 7.) Essentially, Anders alleges that the Court has specific personal jurisdiction over Stability AI because Anders lives in North Carolina and felt "harm" here.

The Supreme Court and the Fourth Circuit have held that such allegations are insufficient to establish specific personal jurisdiction because they rest exclusively on the plaintiff's actions. In *Walden v. Fiore*, the U.S. Supreme Court held that "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State. . . . [T]he relationship must arise out of contacts that the 'defendant *himself*' creates with the

forum State." 571 U.S. 277, 284 (2014) (emphasis in original). Even where an intentional tort like copyright infringement is involved, the plaintiff must "connect[] the defendants' conduct to [the State], not just to a plaintiff who lived there." *Id.* at 288. Ultimately, "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 286.

Similarly, in *ESAB Group, Inc. v. Centricut, Inc.*, the Fourth Circuit addressed whether "the defendants' intentional tortious conduct directed at the South Carolina plaintiff supplied sufficient minimum contacts" to establish specific personal jurisdiction in South Carolina. 126 F.3d 617, 621 (4th Cir. 1997). The Court of Appeals held that it did not. The Fourth Circuit observed that "the plaintiff *always* feels the impact of the harm" where he resides, but that is insufficient to establish jurisdiction because, otherwise, "jurisdiction would depend on a *plaintiff's* decision about where to establish residence. Such a theory would always make jurisdiction appropriate in a plaintiff's home state . . . ." *Id.* at 625–26 (emphasis in original).

Here, Anders's sole relevant allegation is that he felt the harm from Stability AI's alleged intentional tortious conduct in North Carolina. He does not allege any other contacts between Stability AI and North Carolina related to the alleged copyright infringement. Such allegations are insufficient to establish a *prima facie* case of personal jurisdiction over Stability AI. *See Fields v. Sickle Cell Disease Ass'n of Am., Inc.*, 376 F. Supp. 3d 647, 653 (E.D.N.C. 2018) ("Plaintiff's choice to

complete her work in North Carolina for her own reasons is a unilateral decision that cannot be fairly attributed to the defendant as an attempt to avail itself of the privileges of conducting business in North Carolina."), *aff'd*, 770 F. App'x 77 (4th Cir. 2019).

**B. Anders's Allegations Regarding Stable Audio Do Not Establish Personal Jurisdiction over Stability AI.**

Anders will likely point to his allegations regarding Stability AI's "internet-accessible, commercial platform[]"—i.e., Stable Audio—and argue that they are sufficient to establish a *prima facie* case of specific personal jurisdiction. But those allegations fail to establish personal jurisdiction for at least two reasons.

*First*, contacts are only relevant to the specific jurisdiction analysis if the plaintiff's claims "arise out of" those contacts. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009). Put another way, "the defendant's contacts with the forum state [must] form the basis of the suit." *Id.* at 278–79. In the FAC, Anders makes clear that his copyright infringement claim arises solely from the *training* of Stable Audio, such that whether the platform is "internet-accessible" is irrelevant.

Specifically, Anders alleges in the FAC that "[i]n *training* Stable Audio, Defendants copied Plaintiff's Copyrighted Works without Plaintiff's authorization." (Doc. 7 at ¶ 17) (emphasis added). He further alleges that Stability AI has "commercially exploited the Stable Audio product *following its training* on musical

recordings" purportedly owned by Anders. (*Id.* at ¶ 20.) (emphasis added) Because Anders's copyright infringement claim "arises" solely from the *training* of Stable Audio, and not its outputs, the accessibility of Stable Audio by users in any particular forum is irrelevant to the specific jurisdiction analysis. Rather, only the training process is relevant, and Anders points to no evidence connecting the training of Stable Audio to North Carolina.

*Second*, courts have consistently held that "the presence of a website which customers could access" in the forum state is "insufficient to create jurisdiction over the defendant." *Pan-Am. Prods. & Holdings, LLC v. R.T.G. Furniture Corp.*, 825 F. Supp. 2d 664, 685 (M.D.N.C. 2011) (citing *Ottenheimer Publishers, Inc. v. Playmore, Inc.*, 158 F. Supp. 2d 649 (D. Md. 2001)). Thus, even if Anders's copyright infringement claim arose out of Stable Audio's outputs, his bare allegation that the product is "internet-accessible" does not establish jurisdiction.

### C. Defendant AudioSparx's Contacts Cannot Be Imputed to Stability AI.

Anders may also argue that Defendant AudioSparx's contacts with North Carolina should be imputed to Stability AI. This argument also fails because the relationship between AudioSparx and Stability AI is one of licensor to licensee. This is not sufficient to establish personal jurisdiction because jurisdictional contacts are "generally" not imputed in a business relationship, even between a parent and subsidiary. *See Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 276 (4th Cir.

2005) (noting that it is "generally the case that the contacts of a corporate subsidiary cannot impute jurisdiction to its parent entity"). A licensing relationship is even more attenuated than a parent-subsidiary relationship. Plus, Anders alleges no evidence indicating that AudioSparx's contacts should be imputed to Stability AI.

Even if a contact like the agreement between AudioSparx and Anders *could* be imputed to Stability AI, the mere existence of a contract with a resident of the forum state does not automatically establish sufficient minimum contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985); *Joseph v. Joseph*, No. 3:18-CV-003-MOC-DCK, 2018 WL 4137094, at *5 (W.D.N.C. July 9, 2018), *report and recommendation adopted*, No. 3:18-CV-3, 2018 WL 4110545 (W.D.N.C. Aug. 29, 2018) ("Entering into a contract with an out-of-state party does not automatically establish minimum sufficient contacts in that party's home forum").

## CONCLUSION

For the foregoing reasons, Stability AI respectfully requests that the Court dismiss Anders's claims against Stability AI for lack of personal jurisdiction.

This the 18th day of February 2026.

/s/ *Susan H. Boyles*
SUSAN H. BOYLES
NC Bar No. 20877
KILPATRICK TOWNSEND
  & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101

Telephone: (336) 607-7300
sboyles@ktslaw.com

*Attorney for Defendant*
*Stability AI US Services Corporation*

# CERTIFICATE OF COMPLIANCE WITH PAGE LIMIT

The undersigned attorney hereby certifies that this MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION complies with Local Rule 7.1(c)(d). This Brief was created using Microsoft Word, and it contains fewer than 25 pages exclusive of the caption, signature block, Certificate of Service, Certification Regarding Artificial Intelligence and this Certificate of Compliance with Page Limit.

This the 18th day of February, 2026.

/s/ *Susan H. Boyles*
SUSAN H. BOYLES
NC Bar No. 20877
KILPATRICK TOWNSEND &
STOCKTON LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 607-7300
sboyles@ktslaw.com

*Attorney for Defendant*
*Stability AI US Services Corporation*

11

# CERTIFICATION REGARDING ARTIFICIAL INTELLIGENCE

The undersigned hereby certifies that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to the authority provided.

This the 18th day of February, 2026.

/s/ *Susan H. Boyles*
SUSAN H. BOYLES
NC Bar No. 20877
KILPATRICK TOWNSEND &
STOCKTON LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 607-7300
sboyles@ktslaw.com

*Attorney for Defendant*
*Stability AI US Services Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION has been served on opposing counsel via the Court CM/ECF filing system as follows:

> David W. Sar
> dsar@brookspierce.com
> **BROOKS, PIERCE, MCLENDON,**
> **HUMPHREY & LEONARD, L.L.P.**
> Post Office Box 26000
> Greensboro, NC 27420-6000
> Telephone: (336) 271-3175
> Facsimile: (336) 232-9075
>
> *Attorney(s) for Defendant*
> *Navarr Enterprises, Inc.*

I further certify that on February 18, 2026, I served the foregoing document on *pro se* party Jerry Anders d/b/a Anders Manga by email at magickentertain@gmail.com in accordance with the Pro Se Request Regarding Electronic Notice, filed on December 29, 2025.

This the 18th day of February 2026.

> /s/ *Susan H. Boyles*
> Susan H. Boyles
>
> *Attorney for Defendant*
> *Stability AI US Services Corporation*