Hand-Delivered

FILED
ASHEVILLE, NC

FEB 23 2026

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

Civil Action No. **1:25-cv-00451-MR**

**JERRY ANDERS, d/b/a ANDERS MANGA,**

Plaintiff,

v.

**STABILITY AI US SERVICES CORPORATION; and NAVARR
ENTERPRISES, INC., d/b/a AUDIOSPARX,**

Defendants.

**PLAINTIFF'S OPPOSITION TO STABILITY AI US SERVICES
CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION (DOC. 16)**

Plaintiff Jerry Anders, proceeding pro se, respectfully submits this

Opposition to Defendant Stability AI US Services Corporation's ("Stability")

Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 16), supporting

Memorandum (Doc. 17), and Declaration of Peter O'Donoghue (Doc. 18)

**I. INTRODUCTION**

Stability's motion rests on the assertion that it lacks meaningful

contacts with North Carolina and "has no offices" or "affiliated entities" in

1

the State. (Doc. 17; Doc. 18 3.) That premise fails for two independent reasons.

First, Stability is a foreign corporation that is registered and Current-Active in North Carolina and maintains a North Carolina registered agent and registered office in Raleigh. (Ex. 1.) Stability also filed, and quickly amended, its 2025 North Carolina Secretary of State annual report filings reaffirming those North Carolina corporate contacts. (Exs. 2-3.) Under North Carolina law, a foreign corporation that obtains and maintains authority to transact business in the State consents to general personal jurisdiction here. N.C. Gen. Stat. § 55-15-05(b); PDII, LLC v. Sky Aircraft Maintenance, LLC, 2025 WL 3466047, at *4 (N.C. Ct. App. Dec. 3, 2025).

Second, even under a minimum-contacts analysis, Stability purposefully sold Stable Audio subscriptions into North Carolina, billed a North Carolina address, and collected North Carolina sales tax. (Ex. 4.) Stability markets Stable Audio as a paid subscription service with published pricing tiers. (Ex. 5.) Stability's Terms of Service designate Stability AI US Services Corporation, the named Defendant, as the contracting party for U.S. users and define the Stable Audio subscription relationship. (Ex. 6.)

2

The Motion should be denied. In the alternative, the Court should permit limited jurisdictional discovery rather than dismiss.

## II. RELEVANT JURISDICTIONAL FACTS

### A. Stability is registered and Current-Active in North Carolina.

North Carolina Secretary of State records confirm that Defendant Stability AI US Services Corporation (SOSID 2618132) is a Delaware-formed foreign corporation that is Current-Active in North Carolina. It maintains a registered agent and registered office at Corporation Service Company, 2626 Glenwood Ave Ste 550, Raleigh, NC 27608. (Ex. 1.)

Stability filed its 2025 annual report on March 24, 2025 (listing a London principal office address) and amended it on April 17, 2025 (listing a Los Angeles principal office address). (Exs. 2-3.) These filings reaffirm Stability's ongoing qualification to transact business in North Carolina and its maintenance of a North Carolina registered agent/office. (Exs. 1-3.)

### B. Stability sold Stable Audio subscriptions into North Carolina and collected North Carolina sales tax.

3

Stable Audio is marketed and sold as a paid subscription service with published pricing tiers. (Ex. 5.) Plaintiff, a North Carolina resident, purchased a Stable Audio subscription billed to his North Carolina address. The invoice includes a line item for "Sales Tax - North Carolina (6.75%)." (Ex. 4.)

Stability's Terms of Service identify the contracting entity for users outside the UK/EU/Switzerland as "Stability AI US Services Corporation" and define Stable Audio as part of the subscription services. (Ex. 6.)

## III. LEGAL STANDARD

Plaintiff needs only to make a prima facie showing of personal jurisdiction at this stage. The Court accepts well-pleaded allegations as true, draws reasonable inferences in Plaintiff's favor, and may consider affidavits and public records. Grayson v. Anderson, 816 F.3d 262, 267–68 (4th Cir. 2016).

## IV. ARGUMENT

**A. General personal jurisdiction exists because Stability consented by registering to do business in North Carolina.**

4

A foreign corporation that obtains and maintains authority to transact business in North Carolina is subject to North Carolina's statutory scheme for authorized foreign corporations. N.C. Gen. Stat. § 55-15-05(b) provides that an authorized foreign corporation "has the same but no greater rights and has the same but no greater privileges as, and is subject to the same duties, restrictions, penalties, and liabilities" imposed on a domestic corporation.

The North Carolina Court of Appeals squarely held in PDII that "a foreign corporation that obtains a certificate of authority consents to general personal jurisdiction in North Carolina." PDII, 2025 WL 3466047, at *4.

Stability's own public filings show it is registered and Current-Active in North Carolina and maintains a registered agent/registered office in Raleigh. (Ex. 1.) Its 2025 annual report filings and amended annual report further confirm it has maintained that authority. (Exs. 2-3.) Under PDII, that registration and maintained authority constitutes consent to general personal jurisdiction in North Carolina, and the Motion should be denied on that basis.

**B. The Court may take judicial notice of Stability's North Carolina Secretary of State records and annual report filings.**

5

Exhibits 1-3 are official public records maintained by the North Carolina Secretary of State. The Court may take judicial notice under Fed. R. Evid. 201 because these records are sources whose accuracy cannot reasonably be questioned and are directly relevant to the jurisdictional issues presented by this Rule 12(b)(2) motion. (Exs. 1-3.)

## C. Alternatively, specific personal jurisdiction exists because Stability purposefully conducted paid Stable Audio business in North Carolina and Plaintiff's claims relate to that forum commerce.

Even if the Court reaches minimum contacts, jurisdiction is still proper.

### 1. Purposeful availment

Stable Audio is not a passive informational website. It is a paid subscription service with published pricing tiers and ongoing service access. (Ex. 5.) Stability actually sold a Stable Audio subscription into North Carolina: the invoice bills Plaintiff at a North Carolina address and reflects that Stability charged and collected North Carolina sales tax. (Ex. 4.) This is direct evidence of purposeful commercial activity in North Carolina.

6

**2. The Stable Audio subscription sale (Ex. 4) and the Terms of Service (Ex. 6) tie the transaction to the Defendant.**

The invoice reflects the payment transaction and North Carolina tax collection for Stable Audio and includes a merchant descriptor that references 'Stability AI Ltd – Audio.' (Ex. 4.) Stability's Terms of Service identify the contracting entity for users outside the UK/EU/Switzerland as Stability AI US Services Corporation, the Defendant here, and define Stable Audio as part of the covered services and subscription relationship. (Ex. 6.) Read together, Exhibits 4 and 6 show that a North Carolina resident purchased and received paid Stable Audio service under terms designating the U.S. Defendant as the contracting party for U.S. users.

**3. Plaintiff's claims "arise out of or relate to" Stability's forum contacts.**

Stability attempts to cabin this case to "training only" occurring elsewhere. (Doc. 17.) But Stable Audio is a single commercial ecosystem: Stability allegedly copied Plaintiff's works to train the model, then monetizes that trained model by selling subscriptions that provide access to, and derive their value from, the trained system. The training is the input; the subscription is the commercial access. The two cannot be separated for

7

purposes of the "relates to" inquiry. See *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021) (specific jurisdiction exists when claims "arise out of or relate to" the defendant's forum contacts; the "relate to" requirement does not demand a strict causal showing).

Here, Stability's forum contact is not hypothetical. Stability sold a Stable Audio subscription into North Carolina, billed a North Carolina address, and collected North Carolina sales tax. (Ex. 4.) Stability also markets Stable Audio as a paid subscription service with published pricing tiers. (Ex. 5.) And Stability's Terms of Service define the Stable Audio subscription relationship and designate the U.S. Defendant as the contracting party for U.S. users. (Ex. 6.) Plaintiff's claims therefore "arise out of or relate to" Stability's commercial exploitation of Stable Audio in North Carolina. (Exs. 4-6.)

Plaintiff also alleges ongoing exploitation and ratification beyond initial "training," including Stability's ratification of co-defendant AudioSparx's refusal to honor Plaintiff's opt-out requests and Stability's continued monetization and AI royalty payments tied to Plaintiff's works. Those allegations further support that the case concerns continuing commercial exploitation, not a one-time past event.

8

## 4. Reasonableness

It is constitutionally reasonable to require Stability to litigate in North Carolina where it is registered and Current-Active (Ex. 1), maintains a registered agent/office (Exs. 1-3), and has sold and taxed Stable Audio subscriptions to a North Carolina customer (Ex. 4).

Furthermore, exercising jurisdiction here is fair and reasonable. Plaintiff is a North Carolina resident litigating pro se. Requiring him to pursue this case in a distant forum would impose significant practical burdens. Defendant, by contrast, is not being hauled into a random state: it chose to register and remain Current-Active in North Carolina with a registered agent here (Ex. 1) and has sold Stable Audio subscriptions into the state while collecting North Carolina sales tax (Ex. 4). The balance of fairness strongly favors keeping the case in this District.

## D. The O'Donoghue Declaration does not rebut Plaintiff's registration and North Carolina commerce evidence.

The O'Donoghue Declaration offers only a narrow denial that Stability has "offices" or "affiliated entities" in North Carolina. (Doc. 18 3.) It does not address Stability's Current-Active North Carolina registration and its North Carolina registered agent/registered office shown in the Secretary of

9

State records and annual report filings. (Exs. 1-3.) Nor does it address Stability's paid Stable Audio transaction into North Carolina reflected on Plaintiff's invoice, including billing to a North Carolina address and collection of North Carolina sales tax. (Ex. 4.) Finally, it does not address Stability's Terms of Service identifying Stability AI US Services Corporation as the contracting entity for U.S. users and defining the Stable Audio subscription relationship. (Ex. 6.)

Because Stability's declaration omits the dispositive facts shown by public records and by Stability's own commercial transaction into North Carolina, it does not rebut Plaintiff's prima facie showing of personal jurisdiction.

**E. In the alternative, limited jurisdictional discovery (or transfer) is warranted.**

If the Court has any doubt regarding personal jurisdiction, Plaintiff requests limited jurisdictional discovery narrowly tailored to: (1) North Carolina subscriber counts and revenue for Stable Audio; (2) payment processor records for North Carolina transactions (including Stripe records); and (3) the contracting entity and payment flows for U.S. Stable Audio subscriptions.

10

If the Court concludes jurisdiction is lacking despite the foregoing, Plaintiff respectfully requests transfer in the interest of justice under 28 U.S.C. § 1406(a) and/or § 1631 rather than dismissal.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court DENY Defendant Stability AI US Services Corporation's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 16). In the alternative, Plaintiff requests limited jurisdictional discovery and/or transfer rather than dismissal.

Respectfully submitted,

Jerry Anders

Jerry Anders, Plaintiff, pro se
132 Stoneridge Ln
Pisgah Forest, NC 28768
704-287-1563
magickentertain@gmail.com

Date: February 23 , 2026

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 23 day of February, 2026, I served a true and correct copy of the foregoing **Plaintiff's Opposition to Defendant Stability AI US Services Corporation's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 16)**, together with all supporting exhibits, by depositing the same in the United States Mail, first-class postage, addressed to the following counsel of record:

**Counsel for Defendant Navarr Enterprises, Inc. d/b/a AudioSparx:**

David W. Sar, Esq.
dsar@brookspierce.com
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
230 North Elm Street Suite 2000
Greensboro, North Carolina 27401

**Counsel for Defendant Stability AI US Services Corporation:**

Susan H. Boyles, Esq.
SBOYLES@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400

I also sent courtesy copies by electronic mail to counsel at the email addresses listed above.

This the 23 day of February, 2026

**Jerry Anders**
Jerry Anders d/b/a Anders Manga
Plaintiff, pro se
132 Stoneridge Lane
Pisgah Forest, NC 28768
(704) 287-1563
magickentertain@gmail.com

# CERTIFICATION REGARDING ARTIFICIAL INTELLIGENCE

The undersigned hereby certifies that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to the authority provided.

This the 23 day of February, 2026

Jerry Anders

Jerry Anders d/b/a Anders Manga
132 Stoneridge Lane
Pisgah Forest, NC 28768
(704) 287-1563
magickentertain@gmail.com
Plaintiff, pro se