# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:25-cv-00451-MR

JERRY ANDERS, d/b/a ANDERS MANGA )
)
)
Plaintiff, )
)
vs. )  **ORDER**
)
STABILITY AI US SERVICES CORP., )
and NAVARR ENTERS., INC., d/b/a )
AUDIOSPARX, )
)
Defendants. )
_____ )

**THIS MATTER** is before the Court on Defendant Navarr Enterprises, Inc.'s Motion to Dismiss [Doc. 13], Defendant Stability AI US Services Corporation's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 16], and the Plaintiff's Motion for Leave to File Sur-Reply [Doc. 23].

The Plaintiff, Jerry Anders, has asserted one count of copyright infringement pursuant to 17 U.S.C. § 501 against the Defendants Stability AI US Services Corporation ("Stability AI") and Navarr Enterprises, Inc., doing business as AudioSparx ("Navarr"). [Docs. 1, 7]. The Plaintiff alleges that he is the registered copyright owner of multiple musical works, that he licensed use of those works to Defendant Navarr, and that Defendant Navarr permitted Defendant Stability AI to use those works in training Defendant

Stability AI's artificial intelligence audio model. [Doc. 7 at ¶¶ 9-21]. The Plaintiff asserts that the Defendants' reproduction and use of his copyrighted works for training Defendant Stability AI's artificial intelligence audio model exceeded the scope of the license the Plaintiff granted to Defendant Navarr and infringed his copyrights. [Id. at ¶¶ 22-25]. The Plaintiff's licensing agreement with Defendant Navarr states:

> Licensor grants to [Navarr] a perpetual, irrevocable, non-exclusive, and assignable right to represent, market, sub-license, and distribute to clients on a worldwide basis the Works for all types of commercial and consumer uses, for the financial benefit of Licensor, including but not limited to TV shows, films, commercials, games, multimedia projects, . . . digital downloads, etc. and to grant to clients various rights as necessary including, but not limited to, master use rights, synchronization rights, mechanical rights, streaming rights, public performance rights, duplication rights, and related rights . . . . Further Licensor grants to [Navarr] the right to represent, market, sub-license, and distribute on a worldwide basis the Works to distributors, sub-publishers, marketing agents, resellers, and channel partners . . . for further sub-licensing and distribution to their clients under the same or similar terms of this license agreement, for all of the same types of commercial and consumer uses mentioned above, for the benefit of Licensor.

[Doc. 15-1 at 6].

The Defendants have each filed motions to dismiss on jurisdictional grounds, and Defendant Navarr has also moved to dismiss pursuant to Rule

2

12(b)(6). "In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Synovus Bank v. Coleman, 887 F.Supp.2d 659, 664.

Here, the Plaintiff granted Defendant Navarr a "perpetual" and "irrevocable" right to "distribute" and "sub-license" the Plaintiff's copyrighted works "for all types of commercial and consumer uses" and to grant "duplication rights" to clients. [Doc. 15-1 at 6]. The Plaintiff's copyright infringement claim, however, is predicated on allegations that Defendant Navarr distributed the Plaintiff's works to Defendant Stability AI for a commercial use, and that Defendant Stability AI duplicated those works for use in training its artificial intelligence model. Plaintiff argues that the language of the agreement should be construed to limit the license to "human-listening" or "human-facing" uses. [Doc. 23-1 at 2]. There is nothing in the wording or the context of the agreement to impute such a limitation. Therefore, accepting the Plaintiff's factual allegations as true, the Plaintiff's copyright infringement claim is squarely foreclosed by the terms of its licensing agreement with Defendant Navarr. As a result, the Plaintiff has failed to state a plausible claim for relief against either Defendant in this matter. Accordingly, the Court will grant Defendant Navarr's motion to

dismiss pursuant to Rule 12(b)(6) and will dismiss the Plaintiff's First Amended Complaint with prejudice.[1]

Having concluded that the Plaintiff's First Amended Complaint should be dismissed with prejudice for failure to state a plausible claim for relief against either Defendant, the Court further concludes that Defendant Stability AI's motion to dismiss for lack of personal jurisdiction is now moot. Finally, the Court will grant the Plaintiff's motion for leave to file a sur-reply, as the Court has considered the Plaintiff's motion and attached sur-reply in reaching the disposition of this case.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Defendant Navarr Enterprises, Inc.'s Motion to Dismiss [Doc. 13] is hereby **GRANTED**, and the Plaintiff's First Amended Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Stability AI US Services Corporation's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. 16] is hereby **DENIED AS MOOT**.

---

[1] The Court need not take up Defendant Navarr's other asserted grounds for dismissal based on insufficient service of process, lack of personal jurisdiction, and improper venue because "to do so would be a waste[ ] of judicial resources inasmuch as plaintiff has clearly failed to state a claim against these defendants." Miller v. Ingles, No. 1:09-cv-00200, 2009 WL 4325218, at *8 (W.D.N.C. Nov. 24, 2009).

4

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Leave to File Sur-Reply [Doc. 23] is hereby **GRANTED**.

The Clerk is respectfully requested to close this civil case.

**IT IS SO ORDERED**.

Signed: March 23, 2026

Martin Reidinger
Chief United States District Judge