IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No. 1:25-CV-451-MR

| | |
|---|---|
| JERRY ANDERS D/B/A ANDERS MANGA,<br><br>        Plaintiff,<br><br>  v.<br><br>STABILITY AI US SERVICES CORPORATION; and NAVARR ENTERPRISES, INC. D/B/A AUDIOSPARX,<br><br>        Defendants. | **DEFENDANT NAVARR ENTERPRISES, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** |

Defendant Navarr Enterprises, Inc. ("Navarr" or "Defendant"), by and through counsel, hereby responds in opposition to Plaintiff Jerry Anders' ("Plaintiff") Plaintiff's Motion to Alter or Amend Judgment Pursuant Fed. R. Civ. P. 59(e) (the "Motion").

## **RELEVANT PROCEDURAL HISTORY**

On February 17, 2026, Navarr filed a Motion to Dismiss with accompanying briefing. Doc. 13. Plaintiff filed an Opposition to Navarr's Motion to Dismiss, Doc. 20, and Navarr filed its Reply on March 2, 2026. Doc. 22. Plaintiff additionally moved for leave to file a Sur-Reply, which was opposed by Navarr. Docs. 23 & 26. In an order dated March 23, 2026 (the "Order"), Doc. 27, this Court granted Navarr's Motion to Dismiss and dismissed Plaintiff's claims with prejudice. Plaintiff filed the present Motion on March 31, 2026, requesting that the Court vacate the Order. Doc.

1

30, p. 9. Plaintiff further requested the Court deny Navarr's Motion to Dismiss and grant Plaintiff leave to file a Second Amended Complaint or, in the alternative, modify the Order to deem the dismissal to be without prejudice. *Id.*

## ARGUMENT

Plaintiff moves for modification of the Judgment, pursuant to Rule 59(e). He alternatively seeks leave to file an amended complaint, Doc. 30 at p. 9, a request that would be governed by Rule 15(a) if the Judgment were modified.

Modification of a judgment is "an extraordinary remedy," which should be applied "sparingly" and granted only in "exceptional circumstances." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). "A Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (quoting *Zinkand v. Brown,* 478 F.3d 634, 637 (4th Cir. 2007)). Where the Court's judgment "was factually supported and legally justified . . . mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1081–82 (4th Cir. 1993).

Here, Plaintiff does not identify an intervening change in controlling law, nor does he identify additional evidence. Plaintiff bases his Motion solely on the need to

prevent a clear error of law or prevent manifest injustice – though he also fails to provide evidence of either. Instead, Plaintiff merely attempts to relitigate arguments previously raised and rejected. *See McKinney v. Colvin*, No. 1:11CV199, 2013 WL 1320788, at \*2 (W.D.N.C. Apr. 1, 2013), *aff'd,* 552 Fed. Appx. 214 (4th Cir. 2013) ("[b]ecause a Rule 59(e) motion may not be used to relitigate old matters, Plaintiff's assertions do not meet the exacting requirements for relief under Rule 59(e)." (citing *Hoskins v. Napolitano,* 2012 WL 6136674, \*3 (D.Md. 2012)) (internal quotation and citation omitted)).

The Order was factually and legally warranted – as the Court stated, "Plaintiff's copyright infringement claim is squarely foreclosed by the terms of the licensing agreement with Defendant Navarr." Doc. 27, p. 3. This determination leaves no basis for reconsideration under Rule 59(e). Plaintiff's contention that the Court did not address each of his arguments is meritless and plainly does not meet the Rule 59(e) standard. *See McKinney v. Colvin*, No. 1:11CV199, 2013 WL 1320788, at \*1 (W.D.N.C. Apr. 1, 2013), *aff'd,* 552 Fed. Appx. 214 (4th Cir. 2013) ("A prior decision does not qualify for [reconsideration pursuant to Rule 59(e)] by being just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." (citing *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)). Moreover, Plaintiff's assertion that the Order "mischaracterizes Plaintiff's argument" is no more than mere disagreement with this

Court's determination. Doc 30, p. 3. Plaintiff failed to state a claim in his Complaint and First Amended Complaint, and he cannot use the present Motion as a vehicle to resurrect a claim that has failed as a matter of law. Plaintiff has failed to carry his burden for a Rule 59(e) motion to be granted, and the Court should deny Plaintiff's Motion.

Furthermore, under Rule 15(a)(2), "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Dean v. Campbell*, No. 5:22-CV-167-KDB-DCK, 2023 WL 27917, at *1 (W.D.N.C. Jan. 3, 2023) (quoting *Pittston Co. v. U.S.*, 199 F.3d 694, 705 (4th Cir. 1999)). Denial of leave to amend is appropriate when "the amendment would have been futile." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (internal quotation and citation omitted). Here, further amendment would plainly be futile, as Plaintiff's copyright claim is foreclosed by the licensing agreement between Plaintiff and Navarr. As such, Plaintiff should not be permitted leave to file a Second Amended Complaint.

## <u>CONCLUSION</u>

Plaintiff's Motion identifies no new law, no new evidence, and no clear error of law in the Order. Accordingly, there is no basis to disturb the Court's final judgment. For the foregoing reasons, Navarr respectfully requests the Court deny Plaintiff's Motion to Alter or Amend Judgment Pursuant Fed. R. Civ. P. 59(e).

4

This the 6th day of April, 2026.

s/ *Sarah E. Morehouse*
David W. Sar
N.C. State Bar No. 23533
dsar@brookspierce.com
Sarah E. Morehouse
N.C. State Bar No. 62555
smorehouse@brookspierce.com
**BROOKS, PIERCE, MCLENDON,
 HUMPHREY & LEONARD, L.L.P.**
Post Office Box 26000
Greensboro, NC 27420-6000
Telephone:  (336) 271-3175
Facsimile:   (336) 232-9075

*Attorney(s) for Defendant Navarr
Enterprises, Inc.*

5

## <u>CERTIFICATE CONCERNING ARTIFICIAL INTELLIGENCE</u>

The undersigned hereby certifies that:

1. No artificial intelligence was employed in doing the research for the preparation of the foregoing document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Respectfully submitted this 6th day of April, 2026.

s/ *Sarah E. Morehouse*
David W. Sar
N.C. State Bar No. 23533
dsar@brookspierce.com
Sarah E. Morehouse
N.C. State Bar No. 62555
smorehouse@brookspierce.com
**BROOKS, PIERCE, MCLENDON,
 HUMPHREY & LEONARD, L.L.P.**
Post Office Box 26000
Greensboro, NC 27420-6000
Telephone:  (336) 271-3175
Facsimile:   (336) 232-9075

*Attorney(s) for Defendant Navarr
Enterprises, Inc.*

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the date indicated below the foregoing document (with its exhibits, if any) was served on counsel of record by the CM/ECF System for the Western District of North Carolina, which will generate and send an e-mail notification of said filing to all parties/counsel of record. I hereby also certify that on the date indicated below the foregoing document (with its exhibits, if any) was served on the following unrepresented party by depositing a copy in the mail with the United States Postal Service, postage prepaid and addressed to:

> Jerry Anders
> 132 Stoneridge Ln.
> Pisgah Forest, NC 28768

with a courtesy copy for the same unrepresented party sent by email to magickentertain@gmail.com.

Respectfully submitted this the 6th day of April, 2026.

> s/ *Sarah E. Morehouse*
> Sarah E. Morehouse
> N.C. State Bar No. 62555
> smorehouse@brookspierce.com
> **BROOKS, PIERCE, McLENDON,**
>   **HUMPHREY & LEONARD, L.L.P.**
> P.O. Box 1800
> Raleigh, NC  27602
> Phone: (919) 882-2473
> Fax:   (336) 232-9173
> *Attorney(s) for Defendant Navarr*
> *Enterprises, Inc.*