Hand-Delivered

JERRY ANDERS, d/b/a ANDERS MANGA,

Plaintiff,

v.

STABILITY AI US SERVICES CORP.,

and NAVARR ENTERPRISES, INC., d/b/a AUDIOSPARX,

Defendants.

FILED
ASHEVILLE, NC

APR 10 2026

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)**

Navarr contends that Plaintiff's Rule 59(e) motion merely relitigates previously raised and rejected arguments and that the March 23, 2026 Order (Doc. 27) contains no clear error of law. (Doc. 36.) That is incorrect. The Order dismissed the First Amended Complaint with prejudice while not addressing two independent grounds for lack of authorization pleaded in the First Amended Complaint (Doc. 7, p. 3, C) that do not depend on contract interpretation at all.

**I. The Order Did Not Address Two Independent, Non-Contractual Grounds That Defeat Authorization**

1

First, Navarr/AudioSparx expressly represented that it would provide music to Stability AI only from artists who affirmatively opted in. "Only the audio content from AudioSparx artists who have opted in to this deal will be provided to the various client companies we license content to, such as, for example, to Stability AI for model training." Doc. 20-2 at 10, ¶ 3 (Ex. 5). Plaintiff never opted in. This representation alone defeats any claim of blanket authorization and makes the copyright-infringement claim plausible on its face.

Second, Navarr publicly promised artists could opt out of the Stability AI deal "at any time at their own volition." (Doc. 20-2 at 29, Section 3 titled "Revolutionary Revenue Sharing: A Promise to Artists" (Ex. 20)). Stability AI represented the same "honoring opt-outs" claim (Doc. 20-2 at 15, Bullet 3 (Ex. 8). When Plaintiff exercised that option and demanded removal, Navarr refused, stating: "AudioSparx declines to waive the perpetual nature of the license terms. Sorry, but this is our prerogative." Doc. 20-2 at 14 (Ex. 7). Yet the "Term" section of the 2015 Agreement itself states that the perpetual license exists solely "for a stable shopping experience for our clients, and the continued availability of the music library on AudioSparx" (Doc. 15-1 at 2.) That "shopping" purpose has no bearing on third-party AI

2

training, on Navarr's later-created opt-in/opt-out framework and StableAudio.com is not AudioSparx.com (nor operated by Navaar)

Plaintiff also alleged in his Complaint that, in late 2025, he sought through counsel to have his works removed from AI-related licensing, that AudioSparx refused, and that Stability AI took the position that AudioSparx's response addressed the issue. (Doc. 7, p. 3, d) An opt-out that gets denied is not a real opt-out.

Consent, opt-in, and opt-out treatment in AI training are not fringe issues; they are central to the current copyright debate over generative AI. (See U.S. Copyright Office, Copyright and Artificial Intelligence, Part 3: Generative AI Training (Pre-publication version, May 9, 2025), 101–02)

Because the Order did not address either of these independent grounds, each of which stands alone, the dismissal rests on an incomplete analysis of the record.

## II. The Order Also Did Not Address the 2015 Agreement as a Whole

Even on the contract issue, the Order focused exclusively on isolated phrases within the Grant of Rights provision (Doc. 27 at 2) and did not read the Agreement as a whole, as Florida law requires. *Auto-Owners Ins. Co. v.*

3

*Anderson*, 756 So. 2d 29, 34 (Fla. 2000) (courts "must read the entire agreement as a whole" and "give effect to every provision"). Including:

- The limitation on sublicensing rights to "the same types of commercial and consumer uses mentioned above." Those enumerated examples all involve traditional media "types" and consumer uses in which the works are delivered or performed for listeners in their original form as entertainment (TV, Film…). AI training is a fundamentally different type of use where the music is studied by a computer and never heard; that is not among the "same types" of commercial and consumer uses contemplated by the Agreement. (Doc. 15, Ex. A, p. 1, "Grant of Rights"); and

- The absence of any "now known or hereafter devised," "future technologies," or similar future-use clause.

- The first paragraph states the purpose of the agreement is "to provide Licensor's audio content for sale and commercial utilization at the AudioSparx.com, RadioSparx.com, and various other web sites operated by Licensee." StableAudio.com is owned and operated by Stability AI, not Navarr. (Doc. 15, Ex. A, p. 1.)

4

At a minimum, the 2015 Agreement is susceptible to more than one reasonable interpretation on whether it authorized third-party AI training, so it could not be resolved against Plaintiff at the Rule 12(b)(6) stage.

### III. Dismissal with Prejudice Was Improper

Navarr argues that leave to amend would be futile. That is incorrect. Because the Order did not address the two independent grounds above, or apply Florida's whole-contract rule, amendment would not be futile. *See Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (amendment is futile only when it is clear the plaintiff cannot state a claim under any set of facts).

For the foregoing reasons, and those stated in Plaintiff's opening Rule 59(e) Motion (Doc. 30), the Court should grant the motion or, at minimum, modify the dismissal to be without prejudice.

Respectfully submitted                                    April __/0__ , 2026

**JERRY ANDERS** Plaintiff, pro se

132 Stoneridge Ln | Pisgah Forest, NC 28768 | magickentertain@gmail.com

5

## CERTIFICATION REGARDING ARTIFICIAL INTELLIGENCE

The undersigned hereby certifies that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to the authority provided.

This the  /0  day of April, 2026

Jerry Anders

Jerry Anders d/b/a Anders Manga
132 Stoneridge Lane
Pisgah Forest, NC 28768
(704) 287-1563
magickentertain@gmail.com
Plaintiff, pro se

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a true and correct copy of the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)**, by depositing the same in the United States Mail, first-class postage, addressed to the following counsel of record:

**Counsel for Defendant Navarr Enterprises, Inc. d/b/a AudioSparx:**
David W. Sar, Esq.
dsar@brookspierce.com
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
230 N. Elm St.
2000 Renaissance Plaza
Greensboro, NC 27401

**Counsel for Defendant Stability AI US Services Corporation:**
Susan H. Boyles, Esq.
SBOYLES@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400

I also sent courtesy copies by electronic mail to counsel at the email addresses listed above.

April _/0_ , 2026

**Jerry Anders**
Jerry Anders d/b/a Anders Manga
Plaintiff, pro se
132 Stoneridge Lane
Pisgah Forest, NC 28768 | (704) 287-1563
magickentertain@gmail.com