# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL ACTION NO. 1:25-cv-00451-MR

| | |
|---|---|
| JERRY ANDERS, d/b/a ANDERS MANGA,<br><br>Plaintiff,<br><br>v.<br><br>STABILITY AI US SERVICES CORPORATION; and NAVARR ENTERPRISES, INC., d/b/a AUDIOSPARX,<br><br>Defendants. | **DEFENDANT STABILITY AI US SERVICES CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)** |

Defendant Stability AI US Services Corporation ("Stability AI") respectfully submits this response to Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) ("Motion") (Doc. 30). As Defendant Navarr Enterprises, Inc. ("Navarr") correctly pointed out in its opposition (Doc. 36), Plaintiff has failed to meet the demanding standards of Rule 59. Plaintiff's Reply in Support of the Motion ("Reply") again points to no evidence or new argument that would meet the Rule 59(e) standard. The Court should deny Plaintiff's Motion accordingly.

1

# ARGUMENT

### A.   Plaintiff Fails to Meet Rule 59(e)'s Standard

Plaintiff fails to satisfy the exacting requirements for relief under Rule 59(e). As Navarr notes, modification of a judgment under Rule 59(e) is an "extraordinary remedy, applied sparingly," and granted only in exceptional circumstances—none of which Plaintiff has demonstrated here. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). The Court's Order was thorough and well-reasoned, addressing all of Plaintiff's arguments and correctly concluding that Plaintiff's copyright infringement claim is foreclosed by the terms of the licensing agreement (Doc. 27 at 3).

### B.   Plaintiff's Reply Misconstrues the Court's Order

Plaintiff asserts three arguments in the Reply, each of which fails. ***First***, Plaintiff argues that the Court failed to consider Plaintiff's allegations that *after* the contract between Plaintiff and Navarr was executed, Navarr "expressly represented that it would provide music to Stability AI only from artists who affirmatively opted in" (Doc. 37 at 2). This is simply a rehash of an argument Plaintiff made throughout his opposition brief (*see* Doc. 20 at 2, 16, 20-22), and as this Court has held, "[a] Rule 59(e) motion cannot be used to 'rehash' arguments previously presented . . . ."

2

*Medina v. United States*, No. 1:16-cv-00302-MR, 2019 WL 1992138, at *1 (W.D.N.C. May 6, 2019) (Reidinger, J.) (citation omitted).

In any event, the Court correctly found that Plaintiff had "granted a 'perpetual' and 'irrevocable' right to 'distribute' and 'sub-license' the Plaintiff's copyrighted works (Doc. 27 at 3). Plaintiff cites no authority for the proposition that the owner of a perpetual and irrevocable license, by later making generalized (alleged) statements to the public about the types of music that would be provided to a third party, automatically forfeits that license.

***Second***, Plaintiff argues that the Court failed to consider his allegations that Navarr "publicly promised artists could opt out of the Stability AI deal" (Doc. 37 at 2). This is yet *another* rehash of an argument Plaintiff made throughout his opposition brief (*see* Doc. 20 at 2, 16, 20-22), and therefore should be rejected. Further, Plaintiff cites no authority for the proposition that the owner of a perpetual and irrevocable license with a specific individual, by making a generalized offer to artists wishing to opt out of an enterprise, forfeits that license.

***Third***, Plaintiff argues that the Court failed to "read the Agreement as a whole, as Florida law requires" (Doc. 37 at 3). Florida is hardly unique in requiring that contracts be considered in their entirety, and nothing about the Court's Order

suggests that the Court took any language out of context or failed to read the entire (short) agreement in reaching its conclusions.

## **CONCLUSION**

For the foregoing reasons, Stability AI respectfully requests that the Court deny Plaintiff's Motion to Alter or Amend Judgment.

This the 14th day of April, 2026.

/s/ Susan H. Boyles
SUSAN H. BOYLES
NC Bar No. 20877
KILPATRICK TOWNSEND &
  STOCKTON LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 607-7300
sboyles@ktslaw.com

*Attorney for Defendant Stability AI US Services Corp.*

4

# CERTIFICATE OF COMPLIANCE WITH PAGE LIMIT

The undersigned attorney hereby certifies that DEFENDANT STABILITY AI US SERVICES CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) complies with Local Rule 7.1(c)(d). This Brief was created using Microsoft Word, and it contains fewer than 25 pages exclusive of the caption, signature block, Certificate of Service, Certification Regarding Artificial Intelligence and this Certificate of Compliance with Page Limit.

This the 14th day of April, 2026.

/s/ Susan H. Boyles
SUSAN H. BOYLES
NC Bar No. 20877
KILPATRICK TOWNSEND
 & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 607-7300
sboyles@ktslaw.com

*Attorney for Defendant*
*Stability AI US Services Corporation*

5

## <u>CERTIFICATE CONCERNING ARTIFICIAL INTELLIGENCE</u>

The undersigned hereby certifies that:

1.    No artificial intelligence was employed in doing the research for the preparation of the foregoing document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2.    Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

Respectfully submitted, this 14th day of April, 2026.

/s/ Susan H. Boyles
SUSAN H. BOYLES
NC Bar No. 20877
KILPATRICK TOWNSEND
   & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 607-7300
sboyles@ktslaw.com

*Attorney for Defendant Stability AI US Services Corp.*

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing Defendant Stability AI US Services Corporation's Response in Opposition to Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) has been served on opposing counsel via the Court CM/ECF filing system as follows:

> Mr. David W. Sar
> dsar@brookspierce.com
> **BROOKS, PIERCE, MCLENDON,**
> **HUMPHREY & LEONARD, L.L.P.**
> Post Office Box 26000
> Greensboro, NC 27420-6000
>
> *Attorney for Defendant*
> *Navarr Enterprises, Inc.*

I further certify that on April 14, 2026, I served the foregoing document on *pro se* party Jerry Anders d/b/a Anders Manga by email at magickentertain@gmail.com in accordance with the Pro Se Request Regarding Electronic Notice, filed on December 29, 2025.

This the 14th day of April, 2026.

> /s/ *Susan H. Boyles*
> Susan H. Boyles
>
> *Attorney for Defendant*
> *Stability AI US Services Corporation*

7