# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### CIVIL CASE NO. 1:25-cv-00451-MR

FILED
ASHEVILLE, NC

APR 17 2026

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

**JERRY ANDERS, d/b/a ANDERS MANGA,**

Plaintiff,

v.

**STABILITY AI US SERVICES CORP., and NAVARR ENTERPRISES, INC., d/b/a AUDIOSPARX,**

Defendants.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) — RESPONSE TO DEFENDANT STABILITY AI'S OPPOSITION (Doc. 38)**

Stability AI's response (Doc. 38) ignores that the March 23, 2026 Order (Doc. 27) dismissed the First Amended Complaint with prejudice without ever addressing two independent, non-contractual grounds for lack of authorization that were in the First Amended Complaint (Doc. 7 at 3(c)) and (Doc. 20 at 16) Opp'n to Navarr's Motion to Dismiss.

## I. The Order Did Not Address Two Independent, Non-Contractual Grounds That Defeat Authorization

First, Navarr expressly represented that "Only the audio content from AudioSparx artists who have opted in to this deal will be provided to …

1

Stability AI for model training." (Doc. 20-2 at 10, ¶ 3 (Ex. 5)). Plaintiff never opted in.

Second, Navarr publicly promised artists could opt out of the Stability AI deal "at any time at their own volition." (Doc. 20-2 at 27, ¶ 2 (Ex. 20)). Stability AI's own official website, as captured in Exhibit 8 and still published today, states under "Safeguards" that "All of AudioSparx's artists were given the option to 'opt out' of the Stable Audio model training." It also states "honoring opt-out requests" as a "Key Takeaway." (Doc. 20-2 at p.15 bullet 3 under "Key Takeaways" and p.16 at the bottom under "Safeguards", (Ex. 8))

Stability AI's claim that these were "generalized (alleged) statements" is hard to reconcile with its own official website, which presents opt-out as a "Safeguard," not puffery.

Plaintiff requested removal. Navarr refused, stating it was "our prerogative" and relying on the "perpetual nature" of the contract. (Doc. 20-2 at 14 (Ex. 7)). But the "perpetual" clause in Plaintiff's 2015 contract is explained in terms of a "stable shopping experience" on the AudioSparx site. That explanation has nothing to do with Stability AI's Stable Audio platform or third-party AI training. Plaintiff then retained counsel, who sent a formal

2

demand letter requesting removal from AI-related activity. That removal was still not granted. An opt-out that is denied is not a real opt-out.

Stability AI asserts that the reading of a contract under Florida law is "hardly unique." However, Florida law, which governs the 2015 Agreement, expressly recognizes that later conduct and statements can modify, waive, or clarify contractual rights. See Fla. Std. Jury Instr. (Contract & Bus. Cases) §§ 416.13, 416.18; Professional Ins. Corp. v. Cahill, 90 So. 2d 916 (Fla. 1956); Lalow v. Codomo, 101 So. 2d 390 (Fla. 1958); Kiwanis Club of Little Havana, Inc. v. de Kalafe, 723 So. 2d 838 (Fla. 3d DCA 1998). AudioSparx's later AI-specific statements regarding opt-outs mattered and could clarify, condition, or modify the scope of the 2015 Agreement as applied to generative AI.

The Order never addressed either ground before dismissing the case with prejudice. That omission warrants Rule 59(e) relief.

### III. Dismissal with Prejudice Was Improper

Because the Order did not address the two independent non-contractual grounds and did not address the whole-contract/later-conduct issues discussed above, Plaintiff can readily state a plausible claim. *Drager v.*

3

*PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). Rule 59(e) exists to correct this type of oversight.

**CONCLUSION**

For the reasons stated here and in Plaintiff's opening Rule 59(e) Motion (Doc. 30) and Reply to Navarr (Doc. 37), the Court should GRANT the motion, VACATE the March 23, 2026 Order, deny Navarr's Motion to Dismiss, and grant leave to file a Second Amended Complaint or, at minimum, modify the dismissal to be without prejudice.

Respectfully submitted,                      April _____15_____, 2026

JERRY ANDERS

Plaintiff, pro se

132 Stoneridge Ln

Pisgah Forest, NC 28768

magickentertain@gmail.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I served a true and correct copy of the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) — RESPONSE TO DEFENDANT STABILITY AI'S OPPOSITION (Doc. 38)**, by depositing the same in the United States Mail, first-class postage, addressed to the following counsel of record:

**Counsel for Defendant Navarr Enterprises, Inc. d/b/a AudioSparx:**
David W. Sar, Esq.
dsar@brookspierce.com
Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P.
230 N. Elm St.
2000 Renaissance Plaza
Greensboro, NC 27401

**Counsel for Defendant Stability AI US Services Corporation:**
Susan H. Boyles, Esq.
SBOYLES@ktslaw.com
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, NC 27101-2400

I also sent courtesy copies by electronic mail to counsel at the email addresses listed above.

April____15____, 2026

**Jerry Anders**
Jerry Anders d/b/a Anders Manga
Plaintiff, pro se
132 Stoneridge Lane
Pisgah Forest, NC 28768 | (704) 287-1563
magickentertain@gmail.com

# CERTIFICATION REGARDING ARTIFICIAL INTELLIGENCE

The undersigned hereby certifies that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction (or the party making the filing if acting pro se) as to the accuracy of the proposition for which it is offered, and the citation to the authority provided.

This the ___15___ day of April, 2026

Jerry Anders

Jerry Anders d/b/a Anders Manga
132 Stoneridge Lane
Pisgah Forest, NC 28768
(704) 287-1563
magickentertain@gmail.com
Plaintiff, pro se