**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:25-cv-00451-MR**

| | | |
|---|---|---|
| **JERRY ANDERS, d/b/a ANDERS MANGA** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **STABILITY AI US SERVICES CORP., and NAVARR ENTERS., INC., d/b/a AUDIOSPARX,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) [Doc. 30].

The Plaintiff Jerry Anders, proceeding *pro se*, brought this action against the Defendants on grounds that Defendant Navarr Enterprises, Inc. ("Navarr") infringed copyrights owned by the Plaintiff by permitting Defendant Stability AI US Services Corporation ("Stability AI") to use the Plaintiff's musical works in training Stability AI's artificial intelligence audio model. [Doc. 7]. On March 23, 2026, the Court granted Navarr's motion to dismiss on grounds that the Plaintiff's copyright infringement claim was foreclosed by the terms of a licensing agreement between Navarr and the Plaintiff. [Doc. 27]. Under that licensing agreement, the Plaintiff granted Navarr a

"perpetual" and "irrevocable" right to "distribute" and "sub-license" the Plaintiff's copyrighted works "for all types of commercial and consumer uses" and to grant clients "duplication rights" and "related rights," among other rights.  [Doc. 20-2 at 4].

The Plaintiff now moves the Court to alter or amend the March 23, 2026 Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  [Doc. 30].  A Rule 59(e) motion is "an extraordinary remedy that should be applied sparingly."  Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012).  Such motions "may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'"  Id. (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2017)).  A party's "mere disagreement does not support a Rule 59(e) motion."  Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993).

The Plaintiff contends that the Court's prior Order "rests on a clear error of law."  [Doc. 30 at 1].  Specifically, the Plaintiff contends that the Court did not read the licensing agreement as a whole, mischaracterized the Plaintiff's argument about the scope of the licensing agreement's grant of rights provision, and did not address documents submitted by the Plaintiff that

2

indicate the Defendants represented to the public that musical artists could opt in or out of the AI training program.  [Id. at 4-8; Doc. 37 at 1-5; Doc. 40 at 1-3].  The Plaintiff also contends that dismissal with prejudice was premature.  [Doc. 30 at 8; Doc. 37 at 5; Doc. 40 at 3-4].

The Plaintiff's arguments, however, reflect mere disagreement with the Court's prior Order.  The Court determined that the licensing agreement permitted the relevant use.  [Doc. 27 at 3].  The Plaintiff's Rule 59(e) motion, however, is predicated on arguments that the Court already rejected in determining that the relevant use was permitted.  Compare [Doc. 20 at 15-23], with [Doc. 30 at 4-8].

As to the Plaintiff's contract interpretation arguments, the Court previously concluded that the key provision in the licensing agreement, which establishes that the Plaintiff granted a "perpetual" and "irrevocable" right to Navarr to "sub-license" his works "for all types of commercial and consumer uses," was sufficiently broad to cover the challenged use.  [Doc. 27 at 3].  The Plaintiff contends that language in other provisions of the licensing agreement establishes limits on Navarr's lawful use of the Plaintiff's works that would exclude the challenged use.  [Doc. 30 at 5].  That contention, however, is mistaken, as the agreement's other provisions are consistent with the key provision's broad and expansive grant of rights.  The

3

terms of the agreement as a whole establish, among other things, that the agreement is "not limited to" the enumerated uses, that the agreement grants rights "related" to the enumerated uses, that the license lasts "forever and cannot be terminated," that "track take-downs or removals are at the sole discretion of [Navarr]," that new artists are "automatically opted-in to participate in all eligible . . . external distribution opportunities," and that once the initial ten-day "opt-out window" for those external distribution opportunities expires an "artist's Works shall not be eligible to opt-out of any site or distribution opportunity after that time, except at the sole discretion of [Navarr]." [Id. at 4-6]. The Plaintiff's attempt to relitigate his contract interpretation theory is therefore unavailing.

The Plaintiff also reasserts his argument that the AI training agreement between Navarr and Stability AI required opt-in from artists and permitted them to opt out. Compare [Doc. 20 at 21-22], with [Doc. 30 at 7-8]. In support of that argument, the Plaintiff previously submitted documents containing various public-facing statements tending to show that the Defendants publicly characterized the AI training program as either requiring artists to opt into the program or permitting artists to opt out. [Doc. 20-2 at 10-12, 15-22, 26-29]. The parties also continue to dispute whether the Plaintiff was offered a reasonable opportunity to opt out of the AI training program. See

4

[Doc. 32 at 5; Doc. 39 at 3-7; Doc. 40 at 2-3]. However, that continued dispute, the related documents submitted by the Plaintiff, and the Defendants' public-facing comments generally, are immaterial to the merits of the Plaintiff's copyright infringement claim. Neither the Plaintiff's allegations nor the submitted documents provide any basis for the Court to infer that the Defendants' public-facing comments had any effect on the scope of the rights granted in the licensing agreement between the Plaintiff and Navarr.

Accordingly, for the reasons articulated herein, the Court will deny the Plaintiff's motion to alter or amend the judgment in this case.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) is hereby **DENIED**.

**IT IS SO ORDERED**.

Signed: May 6, 2026

Martin Reidinger
Chief United States District Judge

5