## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:25-cv-00451-MR

| | | |
|---|---|---|
| JERRY ANDERS, d/b/a ANDERS MANGA | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| STABILITY AI US SERVICES CORP., and NAVARR ENTERS., INC., d/b/a AUDIOSPARX, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant Navarr Enterprises, Inc.'s Motion for Attorneys' Fees [Doc. 31].

The Plaintiff Jerry Anders, proceeding *pro se*, brought this copyright infringement action against the Defendants on grounds that Defendant Navarr Enterprises, Inc. ("Navarr") infringed copyrights owned by the Plaintiff by permitting Defendant Stability AI US Services Corporation ("Stability AI") to use the Plaintiff's musical works in training Stability AI's artificial intelligence audio model. [Doc. 7]. On March 23, 2026, the Court granted Navarr's motion to dismiss on grounds that the Plaintiff's copyright infringement claim was foreclosed by the terms of a licensing agreement between Navarr and the Plaintiff that permitted the use in question. [Doc.

27]. Navarr, as the prevailing party, now moves for an award of attorneys' fees pursuant to 17 U.S.C. § 505.

Pursuant to § 505, the Court may "award a reasonable attorney's fee to the prevailing party" in a copyright infringement action. 17 U.S.C. 505. "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). The Fourth Circuit has adopted a set of factors "to guide a district court in determining whether to award attorney's fees and costs to a prevailing party under § 505: (1) the motivation of the parties, (2) the objective reasonableness of the legal and factual positions advanced, (3) the need in particular circumstances to advance considerations of compensation and deterrence, and (4) any other relevant factor presented." Diamond Star Bldg. Corp. v. Freed, 30 F.3d 503, 505 (4th Cir. 1994) (internal quotation marks omitted).

Here, first, regarding the motivation of the Plaintiff, both parties make representations in briefing about their pre-suit attempts to resolve this matter out of court. The Plaintiff represents that he initially retained counsel and attempted to resolve this matter informally. [Doc. 39 at 10-11]. Navarr represents that it removed the Plaintiff's works from its platform before the

2

Plaintiff filed suit. [Doc. 32 at 7]. Navarr concedes, minimally, that the "Plaintiff's motivations are not readily apparent." [Doc. 32 at 5]. Upon review of the filings in this matter, Court concludes that the Plaintiff, proceeding *pro se*, attempted to prosecute his case in a relatively diligent and timely fashion, without malice or bad faith. See Diamond Star, 30 F.3d at 505.

Second, while the Court concluded that the Plaintiff's copyright infringement claim was squarely foreclosed by the terms of his licensing agreement with Navarr, the Plaintiff's arguments were not "objectively unreasonable." Id. at 506. The Plaintiff raised coherent, albeit mistaken, arguments regarding the interpretation of his licensing agreement with Navarr. Although the Plaintiff's other arguments regarding the Defendants' public comments about the AI training program were immaterial to the Plaintiff's copyright infringement claim, the responsibility for the apparent confusion created by those statements may lie in part with the Defendants. As a result, the Court concludes that the Plaintiff's contentions were not merely "frivolous," despite being insufficient as a matter of law. Rosciszewski v. Arete Assocs., Inc., 1 F.3d 225, 234 (4th Cir. 1993).

Third, while neither party has provided any evidence regarding "the ability of the non-prevailing party to fund an award" of $52,152, id., the Court notes that the Plaintiff is an individual artist who appears to have earned less

3

than $100 in cumulative royalties pursuant to his ten-year licensing relationship with Navarr, [Doc. 39 at 12]. Although Navarr contends that the Plaintiff "needlessly complicated" the case and submitted a "voluminous response" to its motion to dismiss, [Doc. 32 at 11-12], the documentary record in this case was, all things considered, quite thin. Moreover, other factors in this case—including that the dispute concerned the effect of new technologies on a ten-year-old agreement and that the Defendants secured a quick victory on the merits—indicate that there is little "need in [these] particular circumstances to advance considerations of compensation and deterrence" by awarding an attorney's fee. Rosciszewski, 1 F.3d at 234.

Accordingly, the Court will exercise its broad discretion to deny Navarr's motion for attorneys' fees pursuant to 17 U.S.C. § 505.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Defendant Navarr Enterprises, Inc.'s Motion for Attorneys' Fees [Doc. 31] is hereby **DENIED**.

**IT IS SO ORDERED**.  Signed: May 6, 2026

Martin Reidinger
Chief United States District Judge

4